Betty NEWSOME, Plaintiff–Appellant,

v.

James BROWN, Dynatone Publishing Company, and Warner/Chappell Music, Inc., Defendants–Appellees.

No. 05–4735–cv.

United States Court of Appeals, Second Circuit.

Dec. 12, 2006.

**12**

Carl I. Kaminsky, New York, N.Y., for Appellant.

Leon Friedman, New York, N.Y. (Cynthia S. Arato, Gibson, Dunn & Crutcher LLP, New York, N.Y., on the brief), for Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, Circuit Judges, Hon. JOHN F. KEENAN,* District Judge.

* The Honorable John F. Keenan, United States District Judge for the Southern District of

### SUMMARY ORDER

Plaintiff–Appellant Betty Newsome appeals from a final order entered in the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge* ), granting summary judgment to the defendants-appellees James Brown; Dynatone Publishing Co. ("Dynatone"), Brown's publisher; and Warner/Chappell Music, the successor in-right to Dynatone. We assume the parties' familiarity with the relevant facts, procedural history, and specification of issues.

We affirm the ruling of the District Court. Count I of the complaint alleges that the recording of Brown's performance of the song "It's a Man's Man's Man's World" (No. EU 934266) ("Song 2") infringed Newsome's copyright in the song "It's a Man's World" (No. EP 193698) ("Song 1"). By virtue of the commencement of Song 1's renewal copyright term, the renewal term of 67 years vested in Newsome as of January 1, 1993, notwithstanding any prior assignment, transfer, or license. *See* 17 U.S.C. §§ 304(a)(2)(B)(ii), 304(a)(3)(B); *P.C. Films Corp. v. MGM/UA Home Video Inc.*, 138 F.3d 453, 456–57 (2d Cir.1998) ("[R]enewal period is not merely an extension of the original copyright term but a new estate . . . clear of all rights, interests or licenses granted under the original copyright." (internal quotation marks omitted)). Because co-authors cannot be liable to one another for copyright infringement, Newsome does not have a viable infringement claim against Brown or his assignees. *See Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir.1998) (noting that each co-author has the right to use or to license the joint work as he or she wishes, subject only to the obligation to account to the other joint owner for any

New York, sitting by designation.

profits that are made); *see also* 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 6.10[A] (2006).

■ Newsome's arguments that she is not the co-author of Song 2 are meritless. The settlement of the prior infringement action brought in 1966 by Newsome's publisher did not lapse upon the commencement of either song's renewal term. Newsome is collaterally estopped from denying that she is the co-author of Song 2.[1] *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 291 (2d Cir.2002) ("If parties intend to preclude any future litigation regarding authorship by settling their claims, they need only comply with the requirements of collateral estoppel by filing a detailed stipulation of settlement, complete with sufficient factual findings on authorship, with the court."). Here, the stipulation filed with the district court included a finding that the copyright would read: "Words and music by Betty Newsome and James Brown."

■ The fact that Newsome neither was a party to the prior infringement action, nor signed the settlement agreement is of no moment. Because she has accepted a share of the writers' royalties for Song 2 for over 35 years—over $250,000 in total— Newsome cannot disclaim her co-authorship of Song 2. *See Nat'l Am. Corp. v. Fed. Rep. of Nigeria*, 597 F.2d 314, 323 (2d Cir.1979) (holding that a principal's acceptance of payments pursuant to a settlement agreement constitutes ratification of the agent's authority to bind the principal); *see also* Restatement (Third) of Agency § 4.01(2)(b) & cmt. d ("[K]nowing acceptance of the benefit of a transaction ratifies the act of entering into the transaction.").

■ To the extent that Count II asserts that Newsome alone owns the copyright to Song 2, *see* Compl. ¶¶ 13, 15, the District Court correctly held that this claim was untimely. Newsome brought this claim more than three years after she first learned of Brown's claim of co-ownership. *See* 17 U.S.C. § 507(b). Even assuming that Newsome asserted a colorable claim that the commencement of Song 2's renewal period cancelled the settlement agreement, this claim is likewise time-barred because Song 2's renewal term commenced more than three years before the complaint was filed. Further, Newsome ceded all her rights to Clamike in 1996, once again more than three years before the complaint was filed.

■ Newsome's claim, contained in Count II, that the defendants are infringing her rights in Song 2 is also deficient. *See* Compl. ¶ 13, 17. Warner/Chappell holds a valid assignment of Newsome's interest in Song 2, by virtue of its purchase of the rights she sold to Clamike in 1996. *See* 1 *Nimmer on Copyright* § 6.12[B] (stating that the holder of a valid license cannot be liable for infringement). Since Newsome is neither the legal, nor beneficial owner of Song 2's renewal term, she lacks standing to bring a claim for its infringement. *See* 17 U.S.C. § 501(b); *see also Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 91 (2d Cir.1998) (noting that only the legal or beneficial owner of an exclusive right has standing to assert an infringement claim).

Since the defendants are entitled to judgment as a matter of law on Counts I and II of the complaint and Newsome's request for an accounting is dependent upon those counts, judgment for the defendants on Count IV is also appropriate. Count III of the complaint alleged infringement relating to a third song. New-

---

1. We take no position on whether the settlement agreement may be terminated in the year 2020 pursuant to 17 U.S.C. § 304(c)(3), (5).

**14**

some voluntarily dismissed with prejudice all claims relating thereto.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**